

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2009

# Joseph Bolden v. Kecia Winchester

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1754

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Joseph Bolden v. Kecia Winchester" (2009). *2009 Decisions*. Paper 1402.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1402

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-289                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1754
_____

JOSEPH L. BOLDEN,
                    Appellant

v.

KECIA WINCHESTER; TASK OFFICER HEATHER NLN;
STATE OF DELAWARE, Superior Court; JANE DOE;
JANE DOE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 07-CV-00756)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
September 18, 2008
Before: MCKEE, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 5, 2009 )
_____

OPINION
_____

PER CURIAM

        Joseph L. Bolden appeals from an order of the United States District Court for the

District of Delaware, dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and

28 U.S.C. § 1915A(b)(1). We will similarly dismiss the appeal.

Bolden filed a complaint and three separate documents that the District Court construed as supplements to the complaint. The District Court carefully considered all four documents, and determined that Bolden was complaining essentially that he was improperly convicted for a probation violation for being "dirty" when in actuality he had completed a drug treatment program.[1] Bolden also complained of the process used for his conviction and sentence, and he requested compensation for the time he had missed work due to his incarceration.

The District Court properly held that Bolden's sole remedy for challenging his conviction and/or sentence is by way of a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (challenge that affects fact or duration of confinement must be brought in habeas petition). We further agree that to the extent Bolden seeks compensation for what he believes was an unconstitutional conviction or imprisonment, he must prove that the conviction or sentence has been reversed, expunged, or declared invalid. Heck v. Humphrey, 512 U.S. 477, 487 (1994). It is not enough that Bolden, as he states in his notice of appeal, *believes* that the conviction is invalid; it must have been found invalid by a court of law.

We agree with the District Court that Bolden's complaint was legally frivolous,

---

[1] As we write primarily for Bolden's benefit, we will not repeat all of the allegations of the complaint. It appears, from statements in Bolden's notice of appeal, that the District Court properly understood his claims.

2

and we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).